```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

SANTOS ALVAREZ-MENDEZ,

    Plaintiff

        v.                      CIVIL NO. 09-1738 (JAF/JP)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant

## **OPINION AND ORDER**

Before the Court is an action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), as amended, to review a final determination by the Commissioner of Social Security ("Commissioner") denying Plaintiff Santos Alvarez-Mendez("Plaintiff" or "Claimant") disability insurance benefits. The Court finds that the Commissioner's decision is supported by substantial evidence and therefore hereby **AFFIRMS** the same.

**I.**

**INTRODUCTION**

Plaintiff filed an application for disability insurance benefits on July 23, 2003, alleging disability beginning on September 11, 2001 (Tr. 65). The application was originally denied. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on the matter on December 5, 2006 (Tr. 341-345). On January 4, 2007, the ALJ found that Plaintiff was

CIVIL NO. 09-1738 (JAF/JP)      -2-

not disabled within the meaning of the Social Security Act at any time from the alleged onset date, September 11, 2001, through the date of last insured, September 30, 2006 (Tr. 35). The Appeals Council then denied Plaintiff's request for review of the ALJ decision (Tr. 5-8).

## II.

### STANDARD OF REVIEW

The Commissioner, not this Court, is charged with the duty of weighing the evidence and resolving material conflicts in the testimony. González-García v. Secretary of Health & Human Services, 835 F.2d 1, 3 (1st Cir. 1987) (citing Richardson v. Perales, 402 U.S. 389, 399 (1971)).  In reviewing Plaintiff's appeal, the Court does not make a *de novo* determination. Lizotte v. Secretary of Health & Human Services, 654 F.2d 127, 128 (1st Cir. 1981). Instead, the Court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez-Pagán v. Secretary of Health & Human Services, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is relevant evidence that a reasonable mind would find as adequate to support a conclusion. Richardson, 402 U.S. at 401.

CIVIL NO. 09-1738 (JAF/JP)        -3-

## III.

### **THE AGENCY'S FINDINGS**

On January 4, 2007, ALJ Raul C. Pardo came to the following conclusions (Tr. 28-35):

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2006.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 11, 2001 through his date last insured of September 30, 2006 (20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe combination of impairments: seizure disorder and anxiety (20 C.F.R. § 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the ALJ found that, through the date last insured, the claimant had the residual functional capacity ("RFC") to lift and carry twenty five pounds frequently and fifty occasionally. Pushing and pulling can be performed accordingly. Because of the possibility of a seizure, he should observe the usual precautions of no work around unprotected

CIVIL NO. 09-1738 (JAF/JP)        -4-

heights, no ladders, no work around dangerous machines, with power tools, around deep bodies of water or strobe lights and no driving.

 6. As for the opinion evidence, the ALJ noted that the conclusions of the consultative examiner were not supported by the record, starting with his statement of no history of alcohol abuse, when it was the alcohol problem that precipitated the psychotic episode the year before. The ALJ determined that the opinion evidence would not be accorded much weight.

 7. Through the date last insured, the claimant was unable to perform past relevant work (20 C.F.R. § 404.1565).

 8. The claimant was born on May 30, 1958 and was 48 years old, which is defined as a younger individual age 44-49, on the date last insured (20 C.F.R. § 404.1563).

 9. The claimant has a limited education and is not able to communicate in English (20 C.F.R. § 404.1564).

 10. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 C.F.R. § 404.1568).

 11. Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 C.F.R. §§ 404.1560(c), 404.1566).

 12. The claimant was not under a "disability," as defined in the Social Security Act, at any time from September 11, 2001, the

CIVIL NO. 09-1738 (JAF/JP)      -5-

alleged onset date, through September 30, 2006, the date last insured (20 C.F.R. § 404.1520(g)).

## IV.

## ANALYSIS

### A.   Disability Defined (Qualifying Criteria)

The central question in cases of this sort is whether the claimant is "disabled" within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 (1987); Sherwin v. Secretary of Health & Human Services, 685 F.2d 1, 2 (1st Cir. 1982). A claimant is considered disabled within the meaning of the Social Security Act when he or she is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §§ 416(i)(1), 423(d)(1). The impairment must be severe enough that it precludes the claimant from working not only in his or her usual occupation but in any other substantial gainful work existing in significant numbers in the national economy considering the claimant's age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

It is well established that when applying this standard, Plaintiff has the initial burden of showing a disability serious enough to prevent him from working at his former job.  If the claimant makes out a *prima facie* case of disability, the burden then shifts to the Commissioner to show the existence of other jobs in the national economy that the claimant can nonetheless perform.  Ortiz

CIVIL NO. 09-1738 (JAF/JP)     -6-

v. Secretary of Health & Human Services, 890 F.2d 520, 524 (1st Cir. 1989) (per curiam); Torres v. Secretary of Health & Human Services, 677 F.2d 167, 168 (1st Cir. 1982).

The Commissioner has established a five-step process for determining whether an individual is disabled. See 20 C.F.R. § 404.1520. The first three steps are threshold determinations. At steps one and two, the decision maker considers: (1) whether a claimant is engaging in a substantially gainful activity; and (2) whether the claimant has a severe impairment. If the claimant is not engaging in a substantially gainful activity and has a severe impairment, the decision maker considers at step three whether the impairment is found explicitly or is equal to one found in Appendix 1 of the regulations governing disability. If so, the claimant is considered disabled.

If the impairment is not listed or equal to an impairment listed in Appendix 1 of the regulations, the decision maker proceeds to step four, and determines whether the claimant has the RFC to perform work in his or her past, relevant occupational field. If the claimant can perform his or her past relevant work, then the claimant is not disabled. On the other hand, if the claimant cannot perform his or her previous relevant work, the decision maker must then determine at step five whether the claimant can perform a substantially gainful activity in the national economy. See id.; Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6-7 (1st Cir. 1982).

CIVIL NO. 09-1738 (JAF/JP)        -7-

## B.   **Plaintiff's Arguments**

Plaintiff states that the ALJ's conclusion that he is not disabled is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ's decision should be overturned because: (1) the ALJ made an incorrect determination as to Plaintiff's RFC; and (2) the ALJ incorrectly used the Medical-Vocational guidelines to determine that Plaintiff could perform other jobs in the national economy.

### 1.   **Plaintiff's RFC**

The ALJ determined that Plaintiff retained the RFC to lift and carry twenty five pounds frequently and fifty occasionally. The ALJ also found that pushing and pulling can be performed accordingly. Because of the possibility of a seizure, the ALJ determined that Plaintiff should observe the usual precautions of no work around unprotected heights, no ladders, no work around dangerous machines, with power tools, around deep bodies of water or strobe lights and no driving. Plaintiff argues that: (1) the ALJ's determination as to his RFC is not supported by substantial evidence; (2) the ALJ erred in not giving controlling weight to the assessment of Dr. Ronald Malave ("Malave"); and (3) the ALJ incorrectly acted as his own medical expert. Defendant opposes the arguments.

After considering the arguments and evidence, the Court finds that the ALJ's determination is supported by substantial evidence. As accurately explained in Defendant's brief (No. 10, p. 6-14), the

CIVIL NO. 09-1738 (JAF/JP)        -8-

ALJ's RFC determination is supported by: (1) the assessment of Dr. Rivera-Rosado (Tr. 204-206); (2) the assessment of Dr. Maria Hernandez (Tr. 229); (3) the assessment of Dr. Hilario de la Iglesia (Tr. 232, 248); and (4) the treatment notes of the Centro de Salud Familiar de Anasco (Tr. 261-264, 275-278, 284-285, 296-297), Centro de Salud Conductual del Oeste (Tr. 300-303, 305-306, 308, 313), and Behavior Healthcare Partners (Tr. 311). Based on said evidence, the Court finds that there is substantial evidence on the record to support the ALJ's determination.

Plaintiff also argues that the ALJ erred by not giving controlling weight to the opinion of Malave. Said argument fails. The evidence on the record does not support a finding that Malave established a treating relationship with Plaintiff since Plaintiff was not always treated by Malave when he visited the Centro de Salud Conductual del Oeste (Tr. 298-313). More importantly, Malave's assessment (Tr. 331-334) that Plaintiff had marked or extreme limitations with respect to his mental capabilities was not supported by the underlying treatment notes. The treatment notes show that Plaintiff had a good response to treatment and no secondary effects from his medications (Tr. 303). Also, they show that Plaintiff was alert, coherent, logical, and had appropriate affect (Tr. 305-306, 308). None of the treatment notes from the Centro de Salud Conductual del Oeste state that Plaintiff's condition was as severe as Malave's assessment (Tr. 298-313). Since Malave's opinion was not supported

CIVIL NO. 09-1738 (JAF/JP)        -9-

by medically acceptable clinical and laboratory techniques and was inconsistent with the administrative record as a whole, Malave's opinion was not entitled to controlling weight. See 20 C.F.R. § 404.1527(d)(2).

Lastly, Plaintiff argues that the ALJ acted as a medical expert when he determined that Plaintiff was "mostly stable" since said determination was a medical opinion which the ALJ was not qualified to make. While the ALJ cannot make medical determinations, the ALJ can make common sense judgments about a claimant's RFC based on the medical findings on the record and other evidence. E.g., Manso-Pizarro v. Secretary of Health & Human Services, 76 F.3d 15, 17 (1st Cir. 1996); Gordils v. Secretary of Health & Human Services, 921 F.2d 327, 329 (1st Cir. 1990).

In the instant case, the ALJ made a logical inference that Plaintiff was mostly stable based on Plaintiff's lack of treatment. Lack of treatment can be relevant to the severity of claimant's alleged impairments. See, e.g., Irlanda-Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991). A constant treatment relationship is particularly relevant to impairments such as Plaintiff's which are related to seizures. See Social Security Ruling ("SSR") 87-6 (stating that a constant treating relationship between Plaintiff and his physician is necessary when Plaintiff is claiming that his seizures are disabling). Here, Plaintiff has not followed up with his physician on a consistent basis. Plaintiff was

CIVIL NO. 09-1738 (JAF/JP)      -10-

only treated for his seizure disorder on ten occasions in the five year period between the alleged onset date and the date last insured. The lack of treatment is inconsistent with the severity alleged. Based on the lack of consistent treatment, the Court finds that the ALJ's conclusion was sound.

### 2. Reliance on Medical-Vocational Guidelines

Plaintiff argues that the ALJ incorrectly relied on the Medical-Vocational guidelines at step five of the sequential analysis to determine that Plaintiff could perform jobs that existed in significant numbers in the national economy. Plaintiff claims that the ALJ should not have relied on said guidelines because Plaintiff's non-exertional limitations significantly affected his ability to perform the full range of jobs listed in the guidelines.

Plaintiff's argument fails. Medical-Vocational guidelines may be used when a "claimant's non-exertional limitations do not significantly impair claimant's ability to perform at a given exertional level." Rose v. Shalala, 34 F.3d 13, 19 (1st Cir. 1994). Here, the non-exertional limitations found by the ALJ would not have affected the occupational base sufficiently to preclude his reliance on the Medical-Vocational guidelines. The ALJ determined that Plaintiff's limitations regarding working around unprotected heights, ladders, dangerous machines, power tools, deep bodies of water, strobe lights, and driving would have "little or no effect on the occupational base of unskilled medium work" (Tr. 35). The Social

CIVIL NO. 09-1738 (JAF/JP)     -11-

Security Rulings make clear that such limitations as the one's that Plaintiff suffers from would not significantly affect the occupational base so as to preclude the use of the Medical-Vocational guidelines. See SSR 85-15 (stating that people with seizure disorders who are restricted from unprotected elevations and from being near dangerous moving machinery are an example of those whose limitations do not have a significant effect on work that exists at all exertional levels).[1] Accordingly, Plaintiff's argument fails.

**V.**

**CONCLUSION**

Thus, the Court hereby **AFFIRMS** the Commissioner's denial of disability insurance benefits to Plaintiff. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of October, 2011.

S/JOSE ANTONIO FUSTE
JOSE ANTONIO FUSTE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that consultation with a vocational expert was not required because, as made clear by SSR 85-15, the non-exertional limitations found by the ALJ would not significantly affect the jobs found in the Medical-Vocational guidelines.